1  JUSTIN X. WANG (CSB #166183)
   **BAUGHMAN & WANG**
2  111 Pine Street, Suite 1350
   San Francisco, California 94111
3  Telephone: (415) 576-9923
   Facsimile: (415) 576-9929
4
   Attorney for Plaintiffs
5  Linshi MIAO;
   Peng QI

**ORIGINAL FILED**

AUG 2 1 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

6              **UNITED STATES DISTRICT COURT**

7           **NORTHERN DISTRICT OF CALIFORNIA**

HRL

8
9  Linshi MIAO;                              **C 07 4305**
   Peng QI                    )   Case No.)
10                            )
                 Plaintiffs   )   **COMPLAINT FOR WRIT IN THE**
11   vs.                      )   **NATURE OF MANDAMUS**
                              )
12  MICHAEL CHERTOFF, Secretary of the   )
    Department of Homeland Security;      )
13  ROBERT S. MUELLER, Director of Federal )
    Bureau of Investigation              )
14                            )
                 Defendants.  )      "Immigration Case"
15  ─────────────────────────)

16        Plaintiffs Linshi MIAO and Peng QI,  by and through their undersigned attorney, sue

17  Defendants and state as follows:

18  1.     This action is brought against the Defendants to compel action on their Applications to Adjust

19  to Permanent Resident Status, or Form I-485, by Plaintiffs Linshi MIAO and Peng QI, wife and

20  husband, based on Plaintiff Linshi MIAO's employment, properly filed by the Plaintiffs. The I-485

21  applications remain within the jurisdiction of the Defendants, who have improperly withheld action

22  on said application to Plaintiffs' detriments.

23                              **PARTIES**

24  2.     Plaintiffs Linshi MIAO and Peng QI are natives and citizens of the People's Republic of

25  China. Their Form I-485, Applications to Register Permanent Resident or Adjust Status, were

26  received by the U.S.C.I.S. on December 10, 2003 (**Exhibit 1: Notices of I-485 Receipt**) and are

27  seeking to become lawful permanent residents of the United States as beneficiaries of an approved

28  I-140 Immigrant Petition for Alien Worker.

3.    Defendant Michael Chertoff is the Secretary of the Department of Homeland Security (DHS), and this action is brought against him in his official capacity.  He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the DHS  8 U.S.C. 1103(a); 8 C.F.R.  2.1.

4.    Defendant Robert S. Mueller, III, is Director of the Federal Bureau of Investigations (FBI), the law enforcement agency that conducts security clearances for other U.S. government agencies, such as the Department of State.  As will be shown, Defendant has failed to complete the security clearances on Plaintiffs' cases.

## JURISDICTION

5.    Jurisdiction in this case is proper under 28 USC §§1331 and 1361, 5 USC §701 *et seq.*, and 28 USC §2201 *et seq.*  Relief is requested pursuant to said statutes.

## VENUE

6.    Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where the Plaintiffs reside if no real property is involved in the action.

## EXHAUSTION OF REMEDIES

7.    Plaintiffs have exhausted their administrative remedies.

## CAUSE OF ACTION

8.    Plaintiffs Linshi MIAO and Peng QI, wife and husband,  are natives and citizens of the People's Republic of China. Their Form I-485, Applications to Register Permanent Resident or Adjust Status, were filed concurrently with the I-140 (Immigrant Petition for Alien Worker) filed by Plaintiff Linshi MIAO's employer CNT Corporation and their I-485 were received by the U.S.C.I.S. on December 10, 2003 (**Exhibit 1: Notices of I-485 Receipt**).  Plaintiff Linshi MIAO's I-140 was approved on July 19, 2004 (**Exhibit 2: Approval Notice of I-140**).

9.    According to the Service Center processing dates, the USCIS Texas Service Center is currently processing I-485 employment-based adjustment application filed on August 7, 2006 (**Exhibit 3: Copy of TSC Processing Dates Posted on July 16, 2007**).  Plaintiffs' I-485 applications have now remained pending for three years and eight months from the date of the

1  filing.

2  10.    Defendants' refusal to act in this case is, as a matter of law, arbitrary and not in accordance

3  with the law.  Defendants unreasonably have delayed in and have refused to adjudicate Plaintiffs'

4  I-485 applications for three years and eight months from the date of filing, thereby depriving

5  Plaintiffs of the rights to the decision on their applications and the peace of mind to which

6  Plaintiffs are entitled.

7  11.    Plaintiffs have been damaged by the failure of Defendants to act in accord with their duties

8  under the law.

9      (a)    Plaintiffs Linshi MIAO and Peng QI have been damaged by simply being deprived

10              of the adjudication of their Applications to Adjust to Permanent Resident Status for

11              three years and eight months. Plaintiffs have also been unable to plan any foreign

12              travel or pursue a future course of action in the United States due to the pendency

13              of their I-485 applications.

14      (b)    Plaintiffs Linshi MIAO and Peng QI have further been damaged in that their

15              employment authorization and travel document are tied to their status as applicants

16              for permanent residency and are limited to increments not to exceed one year. 8

17              CFR §274a.12©)(9). Therefore, Plaintiffs have been forced to repeatedly apply and

18              pay for extensions of employment authorization and travel documents for four

19              times respectively (**Exhibit 4: Copies of EAD Cards and Advance Parole**

20              **Documents for both Plaintiffs**), to the continued inconvenience and harassment

21              of Plaintiffs to continually insure their work and travel eligibility.

22      (c)    Plaintiffs  have been further damaged in that their naturalization applications, for

23              which they are eligible to apply five years upon receipt of their Permanent Resident

24              status, have now been delayed due to the pendency of their I-485 applications.

25  12.    The Defendants, in violation of the Administrative Procedures Act and Mandamus Act, 5

26  USC §701 *et seq.*, are unlawfully withholding or unreasonably delaying action on Plaintiffs' I-485

27  applications and have failed to carry out the adjudicative functions delegated to them by law with

28  regard to Plaintiffs' case.

**PRAYER**

13.    WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

(a)    requiring Defendants to expeditiously complete Plaintiffs' FBI Security Check for their I-485 applications, if security check is the only reason for the delay;

(b)    requiring Defendants to expeditiously process Plaintiffs' I-485 Applications to conclusion;

(c)    awarding Plaintiffs reasonable attorney's fees under the Equal Access to Justice Act; and

(d)    granting such other relief at law and in equity as justice may require.


Dated:    August 17, 2007                          Respectfully submitted,



                                                 Justin X. WANG, Esq.
                                                 Attorney for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### CERTIFICATION OF INTERESTED ENTITIES OR PERSON

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated:          August 17, 2007                    Respectfully submitted,

Justin X. WANG, Esq.
Attorney for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## LIST OF ATTACHMENTS

| *Exhibit* | *Description* |
|-----------|---------------|
| 1 | Notices of I-485 Receipts |
| 2 | Approval Notice of I-140 |
| 3 | Copy of TSC Processing Dates Posted on June 18, 2007 |
| 4 | Copies of EAD Cards and Advance Parole Documents for both Plaintiffs |

Exhibit 1

U.S. Department of Justice
Immigration and Naturalization Service

## Notice of Action

UNITED STATES OF AMERICA

| RECEIPT NUMBER EAC-04-051-50193 | CASE TYPE I485 APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
|---|---|
| RECEIVED DATE December 10, 2003 | PRIORITY DATE | APPLICANT A97 971 496 MIAO, LINSHI |
| NOTICE DATE December 15, 2003 | PAGE 1 of 1 | |

WILLIAM A. STOCK
DECHERT LLP
4000 BELL ATLANTIC TOWER
1717 ARCH ST
PHILADELPHIA PA 19103-2793

Notice Type:  Receipt Notice

Amount received: $ 305.00
Section: Adjustment as direct
beneficiary of immigrant
petition

The above application or petition has been received. It usually takes 180 to 545 days from the date of this receipt for us to process this type of case. Please notify us immediately if any of the above information is incorrect.

We will send you a written notice as soon as we make a decision on this case. You can also use the phone number (800, 375-5283 to obtain case status information direct from our automated system 24 hours a day with a touch-tone phone and the receipt number for this case (at the top of this notice).

If you have other questions about possible immigration benefits and services, filing information, or Immigration and Naturalization Service forms, please call the INS National Customer Service Center (NCSC) at **1-800-375-5283**. If you are hearing impaired, please call our TDD at **1-800-767-1833**.

You can also visit the INS on the Internet at www.bcis.gov. On our web site you can get up-to-date case status information on your case and find valuable information about immigration services and benefits.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (800) 375-5283



Form I-797C (Rev. 09/07/93) N

U.S. Department of Justice,
Immigration and Naturalization Service

**Notice of Action**

---

### UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>EAC-04-051-50204. | | CASE TYPE  I485    APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
|---|---|---|
| RECEIVED DATE<br>December 10, 2003 | PRIORITY DATE | APPLICANT  A97 971 497<br>QI, PENG |
| NOTICE DATE<br>December 15, 2003 | PAGE<br>1 of 1 | |

| | |
|---|---|
| WILLIAM A. STOCK<br>DECHERT LLP<br>4000 BELL ATLANTIC TOWER<br>1717 ARCH ST<br>PHILADELPHIA PA 19103-2793 | Notice Type:  Receipt Notice<br><br>Amount received: $  305.00<br><br>Section: Derivative adjustment |

The above application or petition has been received. It usually takes 365 to 365 days from the date of this receipt to process this type of case. Please notify us immediately if any of the above information is incorrect.

We will send you a written notice as soon as we make a decision on this case. You can also use the phone number (800) 375-5283 to obtain case status information direct from our automated system 24 hours a day with a touch-tone phone and the receipt number for this case (at the top of this notice).

If you have other questions about possible immigration benefits and services, filing information, or Immigration and Naturalization Services forms, please call the INS National Customer Service Center (NCSC) at 1-800-375-5283. If you are hearing impaired, please call our TDD at 1-800-767-1833.

You can also visit the INS on the Internet at www.ins.gov. On our web site you can get up-to-date case status information on your case and find valuable information about immigration services and benefits.

---

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (800) 375-5283



Form I-797C (Rev 01/07/01) N

Exhibit 2

Department of Homeland Security
U.S. Citizenship and Immigration Services

**I-797, Notice of Action**

# THE UNITED STATES OF AMERICA

| RECEIPT NUMBER EAC-04-051-50190 | | CASE TYPE I140 IMMIGRANT PETITION FOR ALIEN WORKER |
|---|---|---|
| RECEIPT DATE December 15, 2003 | PRIORITY DATE August 28, 2001 | PETITIONER CNT CORPORATION |
| NOTICE DATE July 19, 2004 | PAGE 1 of 1 | BENEFICIARY A97 971 496 MIAO, LINSHI |

WILLIAM A. STOCK
DECHERT LLP
4000 BELL ATLANTIC TOWER
1717 ARCH ST
PHILADELPHIA PA 19103-2793

Notice Type: Approval Notice
Section: Skilled Worker or
Professional,
Sec 203(b)(3)(A)(i) or (ii)

The above petition has been approved. The person this petition is for will be notified separately when a decision is reached on his or her pending adjustment of status application.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (800) 375-5283



Exhibit 3




| Services & Benefits | Immigration Forms | Laws & Regulations | About USCIS | Education & Resources | Press Room |

---

Print This Page          Back

# U.S. Citizenship and Immigration Services
## Texas Service Center Service Center Processing Dates
## Posted July 16, 2007

**Notice**:  U.S. Citizenship and Immigration Services (USCIS) has improved the reporting procedure for processing times of immigration benefit applications.  In the past, USCIS benefit processing reports indicated the specific type of applications or petitions that were being processed and the date the cases were received.  However, the date the case was received did not provide a clear indication of when USCIS expected to complete the case, nor did it provide a clear indication of USCIS' commitment to process cases within a certain cycle time.  It also did not align with the processing times and cycle times the agency reports in other contexts.

This improved reporting procedure is an effort to give our customers more accurate information that better reflects current processing time and USCIS service level commitments.  Effective immediately, when we are completing applications and petitions within our service level goals we will report that as the processing time.  For example, when our service level goal is to process a particular kind of case within six months, and if our processing time is six months or less, we will show a date consistent with our service level goal because that reflects our commitment.

When we are not meeting our service level goal, the date posted will reflect the filing date of cases that are being completed.  It should be noted that while in some instances reported processing dates may appear to have regressed due to this change, they do not reflect a lengthening of USCIS processing times, but simply the change in reporting.  Our goal is to provide accurate projections and thus give customers clear expectations as to what they can expect as a processing time.

**There are several important exceptions to the processing times shown below:**

- Case processing will be delayed if we must ask you for more evidence or information.
  If we ask for missing required initial evidence, count the processing time from when we receive that missing evidence.
- The case processing timeframe will start over if a customer doesn't appear for an interview or asks that it be rescheduled.

**What if I have a problem or have questions about a case?**

We offer a variety of services after you file.  For example, for most kinds of cases you can check the status of your case online.

For more information about when and how to contact us, whether your case is outside our processing time or if there are other issues, please see our fact sheet –

Case Services - How do I... know what kind of services are available to me after I file my application or petition?

One additional point about these projections.  They are the time to complete processing and mail the actual notice and/or document.  If you check case status online and see that your case has been approved, and you haven't yet received your approval notice or document in the mail, we ask that you wait thirty days from the approval date before contacting us.  That is

because it may take that long before it is returned to us as undeliverable. You can also print the case status online answer for your records.

Service Center Processing Dates for **Texas Service Center** Posted July 16, 2007

| Form | Title | Classification or Basis for Filing | Now Processing Cases with Receipt Notice Date of |
|------|-------|-----------------------------------|--------------------------------------------------|
| I-90 | Application to Replace Permanent Resident Card | Initial issuance or replacement | January 13, 2007 |
| I-102 | Application for Replacement/Initial Nonimmigrant Arrival/Departure Record | Initial issuance or replacement of a Form I-94 | April 14, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Visa to be issued abroad | May 15, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Change of status in the U.S. | May 15, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Extension of stay in the U.S. | May 15, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-2A - Temporary workers | June 30, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-2B - Other temporary workers | June 15, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | H-3 - Temporary trainees | May 15, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | E - Treaty traders and investors | May 15, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | L - Intracompany transfers | June 15, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | Blanket L | May 15, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | O - Extraordinary ability | May 15, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | P - Athletes, artists, and entertainers | May 15, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | Q - Cultural exchange visitors and exchange visitors participating in the Irish Peace process | May 15, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | R - Religious occupation | May 15, 2007 |
| I-129 | Petition for A Nonimmigrant Worker | TN - North American Free Trade Agreement (NAFTA) professional | May 15, 2007 |
| I-131 | Application for Travel Document | All other applicants for advance parole | April 14, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Extraordinary ability | January 13, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Outstanding professor or researcher | January 13, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Multinational executive or manager | January 13, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Schedule A Nurses | January 13, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability | January 13, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability requesting a National Interest Waiver | January 13, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Skilled worker or professional | January 13, 2007 |
| I-140 | Immigrant Petition for Alien Worker | Unskilled worker | January 13, 2007 |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | All other special immigrants | October 04, 2006 |

| I-485 | Application to Register Permanent Residence or to Adjust Status | Employment-based adjustment applications | August 07, 2006 |
|-------|----------------------------------------------------------------|-------------------------------------------|-----------------|
| I-485 | Application to Register Permanent Residence or to Adjust Status | Based on grant of asylum more than 1 year ago | August 01, 2004 |
| I-526 | Immigrant Petition By Alien Entrepreneur | For use by an entrepreneur who wishes to immigrate to the United States | January 13, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change of status to H or L dependents | April 14, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change status to the F or M academic or vocational student categories | April 14, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change Status to the J exchange visitor category | April 14, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other change of status applications | April 14, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of stay for H and L dependents | April 14, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for F or M academic or vocational students | April 14, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for J exchange visitors | April 14, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other extension applications | April 14, 2007 |
| I-612 | Application for Waiver of the Foreign Residence Requirement | Application for a waiver of the 2-year foreign residence requirement based on exceptional hardship or persecution | August 19, 2006 |
| I-751 | Petition to Remove the Conditions on Residence | Removal of lawful permanent resident conditions (spouses of U.S. citizens and lawful permanent residents | January 13, 2007 |
| I-765 | Application for Employment Authorization | Based on a request by a qualified F-1 academic student. [(c)(3)] | April 28, 2007 |
| I-765 | Application for Employment Authorization | Based on a pending asylum application [(c)(8)] | June 16, 2007 |
| I-765 | Application for Employment Authorization | Based on a pending I-485 adjustment application [(c)(9)] | April 28, 2007 |
| I-765 | Application for Employment Authorization | Based on TPS for Honduras/Nicaragua [(c)(19), (a)(12)] | April 28, 2007 |
| I-765 | Application for Employment Authorization | Based on TPS for El Salvador [(c)(19)(a)(12)] | April 28, 2007 |
| I-765 | Application for Employment Authorization | All other applications for employment authorization | April 28, 2007 |
| I-817 | Application for Family Unity Benefits | Voluntary departure under the family unity program | January 13, 2007 |
| I-824 | Application for Action on an Approved Application or Petition | To request further action on an approved application or petition | January 13, 2007 |
| I-829 | Petition by Entrepreneur to Remove Conditions | Removal of lawful permanent resident conditions (immigrant investors) | January 13, 2007 |

Case 5:07-cv-04305-HRL   Document 1   Filed 08/21/2007

| I-829 | Petition by Entrepreneur to Remove Conditions | Removal of lawful permanent resident conditions (immigrant investors) based on PL107-273 | January 13, 2007 |
|-------|-----|-----|-----|

Print This Page        Back

Home    Contact Us    Privacy Policy    Website Policies    NoFEAR    Freedom Of Information Act    FirstGov

U.S. Department of Homeland Security

Exhibit 4







U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. Citizenship and Immigration Services

**EMPLOYMENT AUTHORIZATION CARD**

The person identified is authorized to work in the U.S. for the validity of this card.

NAME   MIAO, LINSHI

A# 097-971-496
CARD # EAC0622150984
Birthdate   CART Category   Sex
09/   F
Country   China   People's Republic of
Terms and Conditions
None

NOT VALID FOR REENTRY TO U.S.
CARD VALID FROM 10/18/06   EXPIRES 10/17/07

fingerprint
not
available

---

U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. Citizenship and Immigration Services

**EMPLOYMENT AUTHORIZATION CARD**

The person identified is authorized to work in the U.S. for the validity of this card.

NAME   MIAO, LINSHI

A# 097-971-496
CARD # EAC0600651609
Birthdate   CART Category   Sex
09/   F
Country   China   People's Republic of
Terms and Conditions
None

NOT VALID FOR REENTRY TO U.S.
CARD VALID FROM 10/18/05   EXPIRES 10/17/06

fingerprint
not
available

Department of Homeland Security
U.S. Citizenship and Immigration Services

# Authorization for Parole of an Alien into the United States

| (Family Name) | (Given Name) | | (Middle Name) | Date Issued |
|---|---|---|---|---|
| MIAO, LINSHI. | | | | 04/28/2004 |
| | | | | A/E: A97971496 |
| | | | | EAC0405150219 |

| Date of Birth (Month/Day/Year) | Country of Birth | (City or Town) | (State or Province) | (Country) |
|---|---|---|---|---|
| 09/02/1972 | CHINA, PEOPLE'S REPUBLIC OF | | | |

| U.S. Address (Apt. Number and/or In Care Of) | (Street Number and Name) | (City) | (State or Province) | (Zip/Postal Code) |
|---|---|---|---|---|
| 15 C CLOVER PATH, MAPLE SHADE NJ 08052 | | | | |

Presentation of this document will authorize a transportation line to accept the named bearer on board for travel to the United States without liability under section 273 of the Immigration and Nationality Act for bringing an alien who does not have a visa.

Presentation of the original of this document prior to _____ 04/27/2005 _____ will authorize an immigration officer at a port of entry in the United States to permit the named bearer, whose photograph appears hereon, to enter the United States:

[X]  As an alien paroled pursuant to section 212(d)(5) of the Immigration and Nationality Act.

[ ]

AUTHORIZATION: The named bearer was authorized to depart the United States temporarily for bona fide business or personal reasons and intends to return to the United States to await the adjudication of his/her application for adjustment of status filed under the Immigration and Nationality Act (Act). Contingent upon the applicant's prima facie eligibility, this authorization is valid for multiple applications for parole into the United States during the validity of the parole authorization noted above. Each parole period is not to exceed one year from the date of parole at the port-of-entry.

NOTICE TO APPLICANT: Presentation of this authorization will permit you to resume your application for adjustment of status upon your return to the United States, if otherwise admissible under the Act. If your adjustment application is denied, you may be subject to removal proceedings under sections 235(b)(1) or 240 of the Act. If after April 1, 1997, you depart the United States after you were unlawfully present in the United States for more than 180 days before applying for adjustment of status, you may be found inadmissible under section 212(a)(9)(B)(i) of the Act and may not be permitted to enter when you return to the United States to resume the processing of your application. If found inadmissible, you will need to apply and qualify for a waiver of inadmissibility outside of the United States in order for your adjustment of status application to be approved.

_Sandra T. Bushey_
(Signature of Immigration Officer)
Sandra T. Bushey



Vermont Service Center
(Authorizing Officer)

[Parole Stamp]

Form I-512L (Rev. 11/28/03)

Department of Homeland Security
U.S. Citizenship and Immigration Services

# Authorization for Parole of an Alien into the United States

| (Family Name) | (Given Name) | | (Middle Name) | Date Issued |
|---|---|---|---|---|
| MIAO, LINSHI | | | | 1/18/2005 |

A#: A97971496
EAC0506350807

| Date of Birth (Month/Day/Year) | Country of Birth | (City or Town) | (State or Province) | (Country) |
|---|---|---|---|---|
| 09/02/1972 | CHINA, PEOPLE'S REPUBLIC OF: | | | |

| U.S. Address (Apt. Number and/or In Care Of) | (Street Number and Name) | (City) | (State or Province) | (Zip/Postal Code) |
|---|---|---|---|---|
| 5702 BALTIMORE DRIVE | MARLTON | NJ | | 08053 |

Presentation of this document will authorize a transportation line to accept the named bearer on board for travel to the United States without liability under section 273 of the Immigration and Nationality Act for bringing an alien who does not have a visa.

Presentation of the original of this document prior to _____1/17/2006_____ will authorize an immigration officer at a port of entry in the United States to permit the named bearer, whose photograph appears hereon, to enter the United States.

**X**  As an alien paroled pursuant to section 212(d)(5) of the Immigration and Nationality Act.

☐

AUTHORIZATION: The named bearer was authorized to depart the United States temporarily for bona fide business or personal reasons and intends to return to the United States to await the adjudication of his/her application for adjustment of status filed under the Immigration and Nationality Act (Act). Contingent upon the applicant's prima facie eligibility, this authorization is valid for multiple applications for parole into the United States during the validity of the parole authorization noted above. Each parole period is not to exceed one year from the date of parole at the port-of-entry.

NOTICE TO APPLICANT: Presentation of this authorization will permit you to resume your application for adjustment of status upon your return to the United States, if otherwise admissible under the Act. If your adjustment application is denied, you may be subject to removal proceedings under sections 235(b)(1) or 240 of the Act. If after April 1, 1997, you depart the United States after you were unlawfully present in the United States for more than 180 days before applying for adjustment of status, you may be found inadmissible under section 212(a)(9)(B)(i) of the Act and may not be permitted to enter when you return to the United States to resume the processing of your application. If found inadmissible, you will need to apply and qualify for a waiver of inadmissibility outside of the United States in order for your adjustment of status application to be approved.

_Paul E. Novak Jr._
(Signature of Immigration Officer)
Paul E. Novak Jr.

Vermont Service Center
(Authorizing Officer)

(Parole Stamp)

Form I-512L (Rev. 11/28/03)

Department of Homeland Security
U.S. Citizenship and Immigration Services

# Authorization for Parole of an Alien into the United States

| (Family Name) | | (Given Name) | | (Middle Name) | | Date Issued |
|---|---|---|---|---|---|---|
| MIAO, LINSHI | | | | | | 10/21/2005 |

A#  A97971496
EAC0600652073

| Date of Birth (Month/Day/Year) | Country of Birth | (City or Town) | (State or Province) | (Country) |
|---|---|---|---|---|
| 09/02/1972 | CHINA; PEOPLE'S REPUBLIC OF | | | |

| U.S. Address (Apt. Number and/or In Care Of) | (Street Number and Name) | (City) | (State or Province) | (Zip/Postal Code) |
|---|---|---|---|---|
| 5702 BALTIMORE DRIVE   MARLTON NJ   08053 | | | | |

Presentation of this document will authorize a transportation line to accept the named bearer on board for travel to the United States without liability under section 273 of the Immigration and Nationality Act for bringing an alien who does not have a visa.

Presentation of the original of this document prior to _____ 10/20/2006 _____ will authorize an immigration officer at a port-of-entry in the United States to permit the named bearer, whose photograph appears hereon, to enter the United States:

[X]   As an alien paroled pursuant to section 212(d)(5) of the Immigration and Nationality Act.

[ ]

AUTHORIZATION: The named bearer was authorized to depart the United States temporarily for bona fide business or personal reasons and intends to return to the United States to await the adjudication of his/her application for adjustment of status filed under the Immigration and Nationality Act (Act). Contingent upon the applicant's prima facie eligibility, this authorization is valid for multiple applications for parole into the United States during the validity of the parole authorization noted above. Each parole period is not to exceed one year from the date of parole at the port-of-entry.

NOTICE TO APPLICANT: Presentation of this authorization will permit you to resume your application for adjustment of status upon your return to the United States, if otherwise admissible under the Act. If your adjustment application is denied, you may be subject to removal proceedings under sections 235(b)(1) or 240 of the Act. If after April 1, 1997, you depart the United States after you were unlawfully present in the United States for more than 180 days before applying for adjustment of status, you may be found inadmissible under section 212(a)(9)(B)(i) of the Act and may not be permitted to enter when you return to the United States to resume the processing of your application. If found inadmissible, you will need to apply and qualify for a waiver of inadmissibility outside of the United States in order for your adjustment of status application to be approved.

_Sandra T. Bushey_
(Signature of Immigration Officer)
Sandra T. Bushey

Vermont Service Center
(Authorizing Officer)

(Parole Stamp)

Form I-512L (Rev. 11/28/03)

Department of Homeland Security
U.S. Citizenship and Immigration Services

# I-512L, Authorization for Parole of an Alien Into the United States

| (Family Name) | (Given Name) | (Middle Initial) | Date Issued |
|---|---|---|---|
| MIAO, LINSHI | | | August 31, 2006 |

Date of Birth (Month/Day/Year) 09/02/1972   Country of Birth   (City or Town)   (State or Province)   (Country)
CHINA, PEOPLE'S REPUBLIC OF

A# A97971496   EAC0622151320

U.S. Address  (Apt number and/or in care of)   (Street Number and Name)   (City)   (State or Province)   (Zip/Postal Code)
5702 BALTIMORE DRIVE , MARLTON NJ 08053

**TRAVEL AUTHORIZATION:** Presentation of the original of this document authorizes a transportation line to accept the named bearer on board for travel to the United States without liability under section 273 of the Immigration and Nationality Act (Act) for bringing an alien who does not have a visa.

**PAROLE:** The named bearer of this authorization is an applicant for adjustment of status under the Act. The bearer departed the United States temporarily and intends to return to the United States to resume processing of the adjustment of status application. Presentation of the original of this document prior to August 30, 2007 allows a Customs and Border Protection (CBP) Inspector at a port-of-entry to parole the named bearer, whose photograph appears hereon, into the United States based upon urgent humanitarian reasons or significant public benefit. This authorization is valid for multiple applications for parole into the United States during the validity period noted above. Each parole period shall not exceed one year from the date of parole at the port-of-entry.

[X] Approved

[ ] Conditions/comments:

**NOTICE - READ BEFORE YOU TRAVEL ABROAD**

**Parole is not admission into the United States.** Presentation of this authorization will allow a CBP Inspector at a port-of-entry to parole you into the United States, which will allow you to resume your application for adjustment of status. Parole is not an "admission," so even after your parole you will remain an "applicant for admission." If you are found inadmissible, you will need to apply and qualify for a waiver of inadmissibility. If your adjustment application is denied, you may be subject to removal proceedings as an inadmissible alien under 235(b)(1) or 240 of the Act.

**Parole into the United States is not guaranteed.** In all cases, you are still subject to immigration inspection at a port-of-entry to determine whether you are eligible to come into the United States via the terms of this document. Even if you have previously been granted parole, the Department of Homeland Security retains discretion to deny you parole if the Department determines approving your parole application would not serve the public interest of the United States.

**Travel Warning Regarding Unlawful Presence.** If you have been unlawfully present in the United States, you may want to ask an immigration attorney or a representative at an immigrant assistance organization accredited by the Board of Immigration Appeals (BIA) whether leaving the United States would make you inadmissible and therefore ineligible for adjustment of status. Under section 212(a)(9)(B)(i) of the Act, aliens who depart the United States after being unlawfully present in the United States for certain periods may become subject to new or additional grounds of inadmissibility because of their travel abroad. If you were unlawfully present in the United States for more than 180 days after April 1, 1997, you may be found inadmissible when you return to the United States. If you were unlawfully present in the United States for more than 180 days but less than one year after April 1, 1997 and then departed voluntarily before the start of removal proceedings, you are inadmissible for three years. If you were unlawfully present for one year or more after April 1, 1997 and then departed, you are inadmissible for ten years. Obtaining advance authorization for parole will not relieve you of inadmissibility under 212(a)(9)(B)(i).

**Inadmissibility in general.** If you have concerns about admissibility and waivers you should contact an immigration attorney or an immigrant assistance organization accredited by the BIA before making foreign travel plans.

*Paul E. Novak Jr.*

Paul E. Novak Jr.

Vermont Service Center
75 Lower Welden Street
St. Albans, Vermont 05479-0001

(Authorizing Office)

**Parole Stamp**



# IMPORTANT INFORMATION – SAVE THIS MAILER

Use this section to speed your application for an extension or replacement card (see below).
Do Not Bend or Fold This Cut-off Section.

QI, PENG
5702 BALTIMORE DRIVE
MARLTON, NJ 08053

A# 097-971-497

✂ (Do not Bend or Fold This Cut-off Section)

Form I-797D (Rev. 9-30-04)



USCIS has a guide for new Permanent Residents called
*Welcome to the United States: A Guide for New
Immigrants*. It has important information about your
rights and responsibilities. The guide is available in
English and 10 other languages at http://www.uscis.gov.

**Your Application Has Been Approved.**
Here is your new card. The expiration date is shown
on the front.



errs and pros...
mailed to you, please call our USCIS National
Customer Service Center at **1-800-375-5283**, or
check our website at **http://www.uscis.gov.**

75 Lower Welden Street
St. Albans, VT 05479



USCIS Vermont Service Center

Phone Number 1-800-375-5283

Date 01/12/05

A# 097-971-497

Receipt # EAC0506350716

QI, PENG

U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. Citizenship and Immigration Services

# EMPLOYMENT AUTHORIZATION CARD

The person identified is authorized to work in the U.S. for the validity of this card.

NAME    QI, PENG

A# 097-971-497
CARD # EAC0600651647
Birthdate    Category
08/27/71    C09
Country
China, People's Republic of
Termination Date
None

CARD VALID FROM 10/18/05   EXPIRES 10/17/06

*NOT VALID FOR REENTRY TO U.S.

Sex    M

Fingerprint
not
available

# IMPORTANT INFORMATION -- SAVE THIS MAILER

Use this section to speed your application for an extension or replacement card (see below).
Do Not Bend or Fold This Cut-off Section.

QI, PENG
5702 BALTIMORE DRIVE
MARLTON, NJ 08053

A# 097-971-497

---

✂ (Do not Bend or Fold This Cut-off Section)

Form I-797D (Rev.9-30-04)

U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. Citizenship and Immigration Services

**EMPLOYMENT AUTHORIZATION CARD**

The person identified is authorized to work in the U.S. for the validity of this card.

NAME QI, PENG

A# 097-971-497
CARD # EAC0622151013
Sex M

NOT VALID FOR REENTRY TO U.S.
CARD VALID FROM 10/18/06 EXPIRES 10/17/07

USCIS has a guide for new Permanent Residents called
*Welcome to the United States: A Guide for New
Immigrants.* It has important information about your
rights and responsibilities. The guide is available in English and 10 other languages at **http://www.uscis.gov**.

## Your Application Has Been Approved.
Here is your new card. The expiration date is shown
on the front.

## Please Check Your Card to Verify That
## the Information Is Correct.
If you find an error on it, please call us at the telephone number provided below.

## Please Protect Your Card.

## Please Read the Back of This Notice.
It has important information. We also recommend
that you keep this notice for your records.

If you ever have questions about immigration benefits
and procedures, or wish to have an application mailed
to you, please call our USCIS National Customer
Service Center at **1-800-375-5283**, or check our
website at **http://www.uscis.gov.**

75 Lower Welden Street
St. Albans, VT 05479

USCIS Vermont Service Center

Phone Number 1-800-375-5283

Date 08/25/06

A# 097-971-497

Receipt # EAC0622151013

QI, PENG
5702 BALTIMORE DRIVE
MARLTON, NJ 08053



U.S. Citizenship
and Immigration
Services

Department of Homeland Security
U.S. Citizenship and Immigration Services

# Authorization for Parole of an Alien into the United States

| (Family Name) | (Given Name) | (Middle Name) | Date Issued |
|---|---|---|---|
| QI, PENG | | | 04/28/2004 |

A# A97971497
EAC0405150215

| Date of Birth (Month/Day/Year) | Country of Birth | (City or Town) | (State or Province) | (Country) |
|---|---|---|---|---|
| 08/07/1973 | CHINA, PEOPLE'S REPUBLIC OF | | | |

U.S. Address (Apt. Number and/or In Care Of)       (Street Number and Name)       (City)       (State or Province)       (Zip/Postal Code)
15 C CLOVER PATH, MAPLE SHADE NJ 08052

Presentation of this document will authorize a transportation line to accept the named bearer on board for travel to the United States without liability under section 273 of the Immigration and Nationality Act for bringing an alien who does not have a visa.

Presentation of the original of this document prior to _____ 04/27/2005 _____ will authorize an immigration officer at a port of entry in the United States to permit the named bearer, whose photograph appears hereon, to enter the United States:

[X] As an alien paroled pursuant to section 212(d)(5) of the Immigration and Nationality Act.

[ ]

AUTHORIZATION: The named bearer was authorized to depart the United States temporarily for bona fide business or personal reasons and intends to return to the United States to await the adjudication of his/her application for adjustment of status filed under the Immigration and Nationality Act (Act). Contingent upon the applicant's prima facie eligibility, this authorization is valid for multiple applications for parole into the United States during the validity of the parole authorization noted above. Each parole period is not to exceed one year from the date of parole at the port-of-entry.

NOTICE TO APPLICANT: Presentation of this authorization will permit you to resume your application for adjustment of status upon your return to the United States, if otherwise admissible under the Act. If your adjustment application is denied, you may be subject to removal proceedings under sections 235(b)(1) or 240 of the Act. If after April 1, 1997, you depart the United States after you were unlawfully present in the United States for more than 180 days before applying for adjustment of status, you may be found inadmissible under section 212(a)(9)(B)(i) of the Act and may not be permitted to enter when you return to the United States to resume the processing of your application. If found inadmissible, you will need to apply and qualify for a waiver of inadmissibility outside of the United States in order for your adjustment of status application to be approved.

(Signature of Immigration Officer)
Sandra T. Bushey

Vermont Service Center
(Authorizing Officer)

(Parole Stamp)

Department of Homeland Security
U.S. Citizenship and Immigration Services

## Authorization for Parole of an Alien into the United States

| (Family Name) | (Given Name) | (Middle Name) | Date Issued |
|---|---|---|---|
| QI, PENG | | | 1/18/2005 |

A# A97971497
EAC0506350755

| Date of Birth (Month/Day/Year) | Country of Birth | (City or Town) | (State or Province) | (Country) |
|---|---|---|---|---|
| 08/07/1973 | CHINA; PEOPLE'S REPUBLIC OF | | | |

| U.S. Address (Apt. Number and/or In-Care Of) | (Street Number and Name) | (City) | (State or Province) | (Zip/Postal Code) |
|---|---|---|---|---|
| 5702 BALTIMORE DRIVE , MARLTON NJ 08053 | | | | |

Presentation of this document will authorize a transportation line to accept the named bearer on board for travel to the United States without liability under section 273 of the Immigration and Nationality Act for bringing an alien who does not have a visa.

Presentation of the original of this document prior to _____ 1/17/2006 _____ will authorize an immigration officer at a port of entry in the United States to permit the named bearer, whose photograph appears hereon, to enter the United States:

☒ As an alien paroled pursuant to section 212(d)(5) of the Immigration and Nationality Act.

☐

AUTHORIZATION: The named bearer was authorized to depart the United States temporarily for bona fide business or personal reasons and intends to return to the United States to await the adjudication of his/her application for adjustment of status filed under the Immigration and Nationality Act (Act). Contingent upon the applicant's prima facie eligibility, this authorization is valid for multiple applications for parole into the United States during the validity of the parole authorization noted above. Each parole period is not to exceed one year from the date of parole at the port-of-entry.

NOTICE TO APPLICANT: Presentation of this authorization will permit you to resume your application for adjustment of status upon your return to the United States. If otherwise admissible under the Act. If your adjustment application is denied, you may be subject to removal proceedings under sections 235(b)(1) or 240 of the Act. If after April 1, 1997, you depart the United States after you were unlawfully present in the United States for more than 180 days before applying for adjustment of status, you may be found inadmissible under section 212(a)(9)(B)(i) of the Act and may not be permitted to enter when you return to the United States to resume the processing of your application. If found inadmissible, you will need to apply and qualify for a waiver of inadmissibility outside of the United States in order for your adjustment of status application to be approved.

_Paul E. Novak Jr._
(Signature of Immigration Officer)
Paul E. Novak Jr.

Vermont Service Center
(Authorizing Officer)

(Parole Stamp)



Form I-512L (Rev. 11/28/03)r

Department of Homeland Security
U.S. Citizenship and Immigration Services

# Authorization for Parole of an Alien into the United States

| (Family Name) | (Given Name) | (Middle Name) | Date Issued |
| --- | --- | --- | --- |
| QI, PENG | | | 10/21/2005 |
| | | | A# A97971497 |
| | | | EAC0600652060 |

| Date of Birth (Month/Day/Year) | Country of Birth | (City or Town) | (State or Province) | (Country) |
| --- | --- | --- | --- | --- |
| 08/07/1973 | CHINA, PEOPLE'S REPUBLIC OF | | | |

| U.S. Address (Apt. Number and/or In Care Of) | (Street Number and Name) | (City) | (State or Province) | (Zip/Postal Code) |
| --- | --- | --- | --- | --- |
| 5702 BALTIMORE DRIVE, MARLTON NJ 08053 | | | | |

Presentation of this document will authorize a transportation line to accept the named bearer on board for travel to the United States without liability under section 273 of the Immigration and Nationality Act for bringing an alien who does not have a visa.

Presentation of the original of this document prior to _____ 10/20/2006 _____ will authorize an immigration officer at a port of entry in the United States to permit the named bearer, whose photograph appears hereon, to enter the United States:

[X] As an alien paroled pursuant to section 212(d)(5) of the Immigration and Nationality Act.

[ ]

---

AUTHORIZATION: The named bearer was authorized to depart the United States temporarily for bona fide business or personal reasons and intends to return to the United States to await the adjudication of his/her application for adjustment of status filed under the Immigration and Nationality Act (Act). Contingent upon the applicant's prima facie eligibility, this authorization is valid for multiple applications for parole into the United States during the validity of the parole authorization noted above. Each parole period is not to exceed one year from the date of parole at the port-of-entry.

NOTICE TO APPLICANT: Presentation of this authorization will permit you to resume your application for adjustment of status upon your return to the United States, if otherwise admissible under the Act. If your adjustment application is denied, you may be subject to removal proceedings under sections 235(b)(1) or 240 of the Act. If, after April 1, 1997, you depart the United States after you were unlawfully present in the United States for more than 180 days before applying for adjustment of status, you may be found inadmissible under section 212(a)(9)(B)(i) of the Act and may not be permitted to enter when you return to the United States to resume the processing of your application. If found inadmissible, you will need to apply and qualify for a waiver of inadmissibility outside of the United States in order for your adjustment of status application to be approved.

---

_Sandra T. Bushey_
(Signature of Immigration Officer)
Sandra T. Bushey

Vermont Service Center
(Authorizing Officer)

(Parole Stamp)



Form I-512L (Rev. 11/28/03)